# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| NATALIE HAYS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-02517 |
| COMENITY BANK, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes NATALIE HAYS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of COMENITY BANK ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 36 year old person residing at 9720 E. County Road, Hope Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that conducts business with consumers in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff was issued a consumer credit card through Defendant which she used to make purchases of household goods and services. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

9. After using the consumer credit card, Plaintiff would regularly make payments to Defendant. *See* Exhibit A.

10. Unfortunately, Plaintiff defaulted on her contractual payments to Defendant. *Id.*

11. Following Plaintiff's failure to pay the consumer credit card she started receiving collection calls from Defendant to her cellular phone, (812) XXX-2359. *Id.*

12. The numbers that Defendant would regularly call Plaintiff from was (614) 729-5608 and (614) 729-5609. *See* attached Exhibit B is a true and correct photocopy of screenshots of Plaintiff's cellular telephone.

13. Defendant would call Plaintiff as many as three times during the same day. *See* Exhibit B.

14. Some of the calls from Defendant would be as close as 11 minutes apart. *Id.*

15. On the calls that Plaintiff spoke with a live representative, she would experience a brief pause after answering and before being connected with someone. *See* Exhibit A.

16. On or around August 17, 2016, Plaintiff spoke with Defendant and instructed it to cease contacting her. *Id.*

17. During the August 17, 2016 call, Defendant told Plaintiff that she needed to send her request for them to stop calling in writing and that they would not stop calling her until she did so. *Id.*

18. Despite Plaintiff's demand, Defendant continued to place calls to her cellular phone, including later on the same day she made the call demanding that they stop calling. *Id.*

19. Faced with the realization that Defendant would not cease contacting her despite requests to do so, Plaintiff authorized CLP to bring the instant proceeding.

20. Plaintiff has suffered financial loss as a result of Defendant's actions.

21. Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

22. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions.
.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Finally, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

27. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NATALIE HAYS respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT II– VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."
> I.C. 24-5-0.5-3(a).

32. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

33. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

34. Defendant's attempts to collect on the subject consumer debt are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

35. Defendant violated I.C. 24-5-0.5-3 (a) by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, calling as many as three times during the same day. Plaintiff specifically told Defendant not to contact her anymore. However, Defendant ignored Plaintiff's prompts and continued to seek payment from her.

36. Furthermore, by telling Plaintiff that she needed to issue her request that they stop calling her in writing, Defendant engaged in deceptive behavior in its attempts to collect because no such law exists that require she make her request in writing.

37. By threatening to continue call Plaintiff until she took the unnecessary step of issuing her request in writing, Defendant acted in a harassing and abusive manner.

38. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

5

39. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."
> I.C. 24-5-0.5-4(a)(1)(2).

41. As pled in paragraphs 19 through 23, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

42. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, NATALIE HAYS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate


Dated: September 21, 2016              Respectfully submitted,

                                       s/ David S. Klain
                                       David S. Klain, Esq. #66305
                                       Daniel M. Spector, Esq. #6301224
                                       Counsel for Plaintiff
                                       Admitted in the Southern District of Indiana
                                       Consumer Law Partners, LLC

        435 North Michigan Avenue
        Chicago, IL 60611
        (267) 422-1000 (phone)
        (267) 422-2000 (fax)
        Daniel.s@consumerlawpartners.com
        davidklain@aol.com